LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JUAN RODRIGUEZ,
*on behalf of himself, FLSA Collective Plaintiffs and the Class,*

      Plaintiff,

      v.

PARK IT MANAGEMENT CORP.
    d/b/a PARK IT MANAGEMENT,
P.I.M. ASSOCIATES INC.
    d/b/a PARK IT MANAGEMENT,
JOHN DOE CORPS. 1-31
    d/b/a PARK IT MANAGEMENT
and GARY SPINDLER,

      Defendants.

---

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

Plaintiff, JUAN RODRIGUEZ ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, PARK IT MANAGEMENT CORP. d/b/a PARK IT MANAGEMENT, P.I.M. ASSOCIATES INC. d/b/a PARK IT MANAGEMENT, JOHN DOE CORPS 1-31 d/b/a PARK IT MANAGEMENT ("Corporate Defendants") and GARY SPINDLER

1

("Individual Defendant", and collectively with Corporate Defendants, "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he, and others similarly situated, are entitled to recover from Defendants: (1) unpaid overtime compensation due to time-shaving, (2) liquidated damages and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime compensation due to time-shaving, (2) statutory penalties, (3) liquidated damages, and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, JUAN RODRIGUEZ, is a resident of Bronx County, New York.

6. PARK IT MANAGEMENT CORP. d/b/a PARK IT MANAGEMENT is a domestic business corporation organized under the laws of New York with a principle executive office and an address for service of process, located at 250 West 26th Street, New York, NY 10001.

7. P.I.M. ASSOCIATES INC. d/b/a PARK IT MANAGEMENT is a domestic business corporation organized under the laws of New York with a principle executive office and an address for service of process, located at 250 West 26th Street, New York, NY 10001.

8. Corporate Defendants, JOHN DOE CORPS. 1-31 d/b/a PARK IT MANAGEMENT are various business corporations doing business among the Park It Management Car Parks throughout New York City, which employ FLSA Collective Plaintiffs and Class members under a common wage and hour policy.

9. The Corporate Defendants operates a car park enterprise under the trade name "Park It Management." The Corporate Defendants have owned and/or operated each of the Park It Management Car Parks throughout New York City, which include 31 locations listed in **EXHIBIT 1** (herein the "Park It Management Car Parks").

10. Individual Defendant GARY SPINDLER is the owner and/or Chief Executive Officer of each of the Corporate Defendants, PARK IT MANAGEMENT CORP. and P.I.M. ASSOCIATES INC. GARY SPINDLER exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. GARY SPINDLER had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to GARY SPINDLER regarding any of the terms of their employment, and GARY SPINDLER would have the authority to effect any changes to the quality and terms of employees' employment. GARY SPINDLER ensured that employees effectively serve customers and that the business is operating efficiently and profitably. GARY SPINDLER exercised functional control over the business and

financial operations of each of the Park It Management Car Parks affiliated with or controlled by Corporate Defendants, PARK IT MANAGEMENT CORP. and P.I.M. ASSOCIATES INC.

11. The Park It Management Car Parks operate as a single integrated enterprise. Specifically, they are engaged in related activities, share common ownership and have a common business purpose.

    a. The Park It Management Car Parks are commonly owned and operated by the Individual Defendant, GARY SPINDLER.

    b. Based on Plaintiff's direct observations and conversations with other employees, employees are freely interchangeable among the Park It Management Car Parks. In fact, Plaintiff himself was transferred to work at different locations of the Park It Management Car Parks throughout his employment, and he was threatened with termination if he refused to work at a different location.

    c. Based on Plaintiff's direct observations and conversations with other employees, all employees are paid by the same payroll methods, and checks are paid by the same corporate entity, P.I.M. ASSOCIATES INC.

    d. The Park It Management Car Parks are advertised jointly as a common enterprise on Defendants' website: http://parkitny.com/. There is a list of all the locations of the Park It Management Car Parks in the "Locations" section of the website *(See **Exhibit 2** – Website Locations Section).*

12. At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

13. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all parking attendants employed by Defendants at each of its car park facilities in New York City, on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

15. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the overtime compensation due to time-shaving.

16. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

17. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all parking attendants employed by Defendants at each of its car park facilities in New York City, on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

18. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

19. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

20. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

21. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

22. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

23. Defendants and other employers throughout New York State violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide

class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

24. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

d) Whether Defendants paid Plaintiff and Class members for all hours worked given Defendants' policy of time-shaving;

e) Whether Defendants paid employees proper overtime compensation for all hours worked over forty (40);

f) Whether Defendants provided proper wage statements informing employees of information required to be provided on wage statements as required under the New York Labor Law; and

g) Whether Defendants provided proper wage and hour notice to employees, including rate of compensation, trade name of employer, among others, at the beginning of employment and annually thereafter pursuant to the requirements of the New York Labor Law.

## STATEMENT OF FACTS

25. On or about April 20, 2014, Plaintiff, JUAN RODRIGUEZ, was hired by Defendants to work as a parking attendant for Defendants' car park facility located at 622-630 W. 51st Street, New York, NY 10019 ("51st Street" location). In or about February 2017, Plaintiff was transferred to work for Defendants' car park facility located at 221 St. Nicholas Avenue, New York, NY 10027 ("St. Nicholas Avenue" location). Plaintiff worked until on or about February 21, 2017.

26. During Plaintiff JUAN RODRIGUEZ's employment with Defendants, other than the two locations mentioned above, he also worked at the following locations on an as-needed basis:

(a) 310 East 11th Street, New York, NY 10003;

(b) 6-10 Wooster Street, New York, NY 10013; and

(c) 318 East 11th Street, New York, NY 10003.

27. During Plaintiff JUAN RODRIGUEZ's employment with Defendants, he regularly worked over forty (40) hours per workweek.

28. Specifically, from the start of his employment until in or about February 2017, Plaintiff was scheduled to work six (6) days per week: from 3:00 p.m. to 11:00 p.m., Mondays through Fridays and from 7:00 a.m. to 3:00 p.m., on Saturdays; for a total of forty-eight (48) hours per week, without any lunch break. From in or about February 2017 until the end of his employment, Plaintiff was scheduled to work six (6) days per week: from 7:00 a.m. to 3:00 p.m., Mondays through Saturdays; for a total of forty-eight (48) hours per week, without any lunch break.

29. From the start of his employment until in or about January 2017, Plaintiff received a base hourly rate of $10.00 and an overtime rate of $15.00. From in or about January 2017 until the end of his employment, Plaintiff received a base hourly rate of $11.00 and an overtime rate of $16.50.

30. Based on Plaintiff JUAN RODRIGUEZ's direct observations and conversations with other employees, FLSA Collective Plaintiffs and Class members worked similar schedules and received similar hourly rates.

31. Each workday, Defendants rounded down Plaintiff's actual hours worked on his timecards, to the nearest hour, or sometimes, to the nearest half hour.

32. Plaintiff frequently came in to work ten (10) to fifteen (15) minutes earlier than the scheduled start time. Plaintiff also frequently got off work fifteen (15) to twenty (20) minutes later than the scheduled end time. However, Defendants paid him only for his scheduled hours worked, resulting in a significant amount of off-the-clock time.

33. Throughout his employment with Defendants, Plaintiff JUAN RODRIGUEZ regularly spoke with the following co-workers about Defendants' time-shaving practices:

| Name | Position | Location |
| --- | --- | --- |
| Leo [LNU] | Parking Attendants | 310 East 11th Street, New York, NY 10003 |
| Esteban [LNU] | Parking Attendants | 310 East 11th Street, New York, NY 10003 |
| Jonathan [LNU] | Parking Attendants | 310 East 11th Street, New York, NY 10003 |
| Julio Estevez | Parking Attendants | 310 East 11th Street, New York, NY 10003 |
| Ismael [LNU] | Parking Attendants | 6-10 Wooster Street, New York, NY 10013 |
| Raul [LNU] | Parking Attendants | 6-10 Wooster Street, New York, NY 10013 |
| Teo [LNU] | Parking Attendants | 6-10 Wooster Street, New York, NY 10013 |
| Thomas [LNU] | Parking Attendants | 6-10 Wooster Street, New York, NY 10013 |
| German [LNU] | Parking Attendants | 318 East 15th Street, New York, NY 10003 |
| Antoine [LNU] | Parking Attendants | 318 East 15th Street, New York, NY 10003 |
| Roberto [LNU] | Parking Attendants | 318 East 15th Street, New York, NY 10003 |

34. Based on Plaintiff JUAN RODRIGUEZ's direct observations and conversations with the above-referenced employees, FLSA Collective Plaintiffs and Class members similarly worked off-the-clock hours due to Defendants' policy of time-shaving.

35. During Plaintiff's employment by Defendants, Defendants failed to pay Plaintiff the proper overtime compensation for all hours worked over forty (40), due to Defendants' policy of

time-shaving. FLSA Collective Plaintiffs and Class members similarly suffered from Defendants' failure to pay overtime compensation for all hours worked in excess of forty (40), due to time-shaving.

36. Defendants knowingly and willfully operated their business with a policy of not providing proper wages statements, which did not reflect actual hours worked, to Plaintiff and Class members as required under the New York Labor Law.

37. Defendants knowingly and willfully failed to provide proper wage and hour notice to Plaintiff and Class members at the beginning of employment and annually thereafter pursuant to the requirements of the New York Labor Law.

38. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

39. Plaintiff realleges and reavers Paragraphs 1 through 38 of this Class and Collective Action Complaint as if fully set forth herein.

40. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).  Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

41. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

42. At all relevant times, the Corporate Defendants had gross annual revenues in excess of $500,000.

43. At all relevant times, the Defendants had a policy and practice of refusing to pay Plaintiff and FLSA Collective Plaintiffs for all of their hours worked due to Defendants' policy of time-shaving.

44. Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs their wages in the lawful amount for their hours worked.

45. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

46. Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

47. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendant. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

48. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours

worked, and at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

49. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

50. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

51. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages due to time-shaving, plus an equal amount as liquidated damages.

52. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## **VIOLATION OF THE NEW YORK LABOR LAW**

53. Plaintiff realleges and reavers Paragraphs 1 through 52 of this class and collective action Complaint as if fully set forth herein.

54. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

55. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for their hours worked in excess of forty hours in a workweek.

56. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay Plaintiff wages in the lawful amount for hours worked due to time-shaving.

57. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law.

58. Defendants knowingly and willfully failed to provide proper wage and hour notices to employees at the beginning of employment and annually thereafter pursuant to the requirements of the New York Labor Law.

59. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants unpaid overtime compensation, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid wages due under the FLSA and the New York Labor Law due to Defendants' policy of time-shaving;

e.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and wages pursuant to 29 U.S.C. § 216;

f.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and wages pursuant to the New York Labor Law;

g.  An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

h.  Designation of Plaintiff as the Representative of the FLSA Collective Plaintiffs;

i.  Designation of this action as a class action pursuant to F.R.C.P. 23;

j.  Designation of Plaintiff as Representative of Class; and

k.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: July 3, 2017

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 1976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

By: */s/ C.K. Lee*
     C.K. Lee, Esq. (CL 4086)