UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X Case No.: 17-CV-04995(RMB)
JUAN RODRIGUEZ, on behalf of himself,
FLSA Collective Plaintiffs' and the Class,

Plaintiffs,

-against-                                                    **ANSWER**

PARK IT MANAGEMENT CORP. d/b/a PARK
IT MANAGEMENT, P.I.M. ASSOCIATES INC.
d/b/a PARK IT MANAGEMENT, JOHN DOE
CORPS. 1-31 d/b/a PARK IT MANAGEMENT
and GARY SPINDLER,

Defendants.
-----------------------------------------------------------------------X

  Defendants PARK IT MANAGEMENT CORP. d/b/a PARK IT MANAGEMENT, P.I.M. ASSOCIATES INC. d/b/a PARK IT MANAGEMENT, JOHN DOE CORPS. 1-31 d/b/a PARK IT MANAGEMENT and GARY SPINDLER (hereinafter collectively referred to as, "Defendants") by their attorneys, Certilman Balin Adler & Hyman, LLP, as and for their answer to plaintiff's complaint dated July 3, 2017 (the "Complaint") allege as follows:

**INTRODUCTION**

  1.  Deny the truth of the allegations contained in paragraph 1 of the Complaint and respectfully refer all questions of law to the Court for determination upon the trial of this matter.

  2.  Deny the truth of the allegations contained in paragraph 2 of the Complaint and respectfully refer all questions of law to the Court for determination upon the trial of this matter.

**JURISDICTION AND VENUE**

  3.  Deny the truth of the allegations contained in paragraph 3 of the Complaint and respectfully refer all questions of law to the Court for determination upon the trial of this matter.

4.      Deny the truth of the allegations contained in paragraph 4 of the Complaint and respectfully refer all questions of law to the Court for determination upon the trial of this matter.

## THE PARTIES

5.      Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6.      Admit the allegations contained in paragraph 6 of the Complaint.

7.      Admit the allegations contained in paragraph 7 of the Complaint.

8.      Deny the truth of the allegations contained in paragraph 8 of the Complaint.

9.      Deny the truth of the allegations contained in paragraph 9 of the Complaint.

10.     Deny the truth of the allegations contained in paragraph 10 of the Complaint.

11.     Deny the truth of the allegations contained in paragraph 11 of the Complaint.

12.     Deny the truth of the allegations contained in paragraph 12 of the Complaint.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13.     Deny the truth of the allegations contained in paragraph 13 of the Complaint.

14.     Deny the truth of the allegations contained in paragraph 14 of the Complaint and respectfully refer all questions of law to the Court for determination upon the trial of this matter.

15.     Deny the truth of the allegations contained in paragraph 15 of the Complaint.

16.     Deny the truth of the allegations contained in paragraph 16 of the Complaint and respectfully refer all questions of law to the Court for determination upon the trial of this matter.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

17.     Deny the truth of the allegations contained in paragraph 17 of the Complaint.

18.     Deny the truth of the allegations contained in paragraph 18 of the Complaint.

19.     Deny the truth of the allegations contained in paragraph 19 of the Complaint.

2

20.     Deny the truth of the allegations contained in paragraph 20 of the Complaint.

21.     Deny the truth of the allegations contained in paragraph 21 of the Complaint.

22.     Deny the truth of the allegations contained in paragraph 22 of the Complaint.

23.     Deny the truth of the allegations contained in paragraph 23 of the Complaint.

24.     Deny the truth of the allegations contained in paragraph 24 of the Complaint.

## STATEMENT OF FACTS

25.     Deny the truth of the allegations contained in paragraph 25 of the Complaint.

26.     Deny the truth of the allegations contained in paragraph 26 of the Complaint.

27.     Deny the truth of the allegations contained in paragraph 27 of the Complaint.

28.     Deny the truth of the allegations contained in paragraph 28 of the Complaint.

29.     Deny the truth of the allegations contained in paragraph 29 of the Complaint.

30.     Deny the truth of the allegations contained in paragraph 30 of the Complaint.

31.     Deny the truth of the allegations contained in paragraph 31 of the Complaint.

32.     Deny the truth of the allegations contained in paragraph 32 of the Complaint.

33.     Deny the truth of the allegations contained in paragraph 33 of the Complaint.

34.     Deny the truth of the allegations contained in paragraph 34 of the Complaint.

35.     Deny the truth of the allegations contained in paragraph 35 of the Complaint.

36.     Deny the truth of the allegations contained in paragraph 36 of the Complaint.

37.     Deny the truth of the allegations contained in paragraph 37 of the Complaint.

38.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint.

6421555.1

## STATEMENT OF CLAIM

## COUNT I

## <u>VIOLATION OF THE FAIR LABOR STANDARDS ACT</u>

39.     Defendants repeat, reiterate and reallege each and every denial and admission above as if fully set forth herein.

40.     Deny the truth of the allegations contained in paragraph 40 of the Complaint and respectfully refer all questions of law to the Court for determination upon the trial of this matter.

41.     Deny the truth of the allegations contained in paragraph 41 of the Complaint and respectfully refer all questions of law to the Court for determination upon the trial of this matter.

42.     Deny the truth of the allegations contained in paragraph 42 of the Complaint.

43.     Deny the truth of the allegations contained in paragraph 43 of the Complaint.

44.     Deny the truth of the allegations contained in paragraph 44 of the Complaint.

45.     Deny the truth of the allegations contained in paragraph 45 of the Complaint.

46.     Deny the truth of the allegations contained in paragraph 46 of the Complaint.

47.     Deny the truth of the allegations contained in paragraph 47 of the Complaint.

48.     Deny the truth of the allegations contained in paragraph 48 of the Complaint.

49.     Deny the truth of the allegations contained in paragraph 49 of the Complaint.

50.     Deny the truth of the allegations contained in paragraph 50 of the Complaint.

51.     Deny the truth of the allegations contained in paragraph 51 of the Complaint.

52.     Deny the truth of the allegations contained in paragraph 52 of the Complaint.

6421555.1

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

53.     Defendants repeat, reiterate and reallege each and every denial and admission above as if fully set forth herein.

54.     Deny the truth of the allegations contained in paragraph 54 of the Complaint and respectfully refer all questions of law to the Court for determination upon the trial of this matter.

55.     Deny the truth of the allegations contained in paragraph 55 of the Complaint.

56.     Deny the truth of the allegations contained in paragraph 56 of the Complaint.

57.     Deny the truth of the allegations contained in paragraph 57 of the Complaint.

58.     Deny the truth of the allegations contained in paragraph 58 of the Complaint.

59.     Deny the truth of the allegations contained in paragraph 59 of the Complaint.

### PRAYER FOR RELIEF

60.     The allegations in paragraphs "a" through "k" on pages 14-15 of the Complaint are a demand for judgment to which no response is required; however, to the extent a response is required, defendants deny that plaintiffs are entitled to the requested relief or any relief whatsoever.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

61.     The Complaint fails to state a claim upon which relief can be granted against Defendants.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

62.     The claims alleged herein are barred, in whole or in part, by the applicable statutes of limitation including but not limited to, the two and three year statutes of limitation

5

6421555.1

pertinent to Plaintiff's FLSA claim, and the six year statute of limitations pertinent to Plaintiff's New York Labor Law claims.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

63.     Plaintiff's claim is not typical of those of the purported class or collective action.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

64.     Plaintiff is prohibited from bringing a class action for their claims under the New York Labor Law.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

65.     Plaintiff is prohibited from bringing a collective action under the FLSA.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

66.     At all times alleged in the Complaint, Defendants complied with all requirements concerning payment of wages, including without limitation, minimum wage, spread of hour, call-in pay and application of tip credit pursuant to the FLSA and New York State law.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

67.     To the extent that Defendant's actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor or New York Department of Labor Plaintiff's claim is barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

6

6421555.1

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

68.     To the extent that any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the NYLL, Plaintiffs' claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260. This defense also may apply to the claims of some or all of the collective or class of allegedly similarly-situated persons.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

69.     Defendant, at all times, acted in good faith to comply with the NYLL and with reasonable grounds to believe that its actions did not violate the NYLL, and Defendant asserts a lack of willfulness or intent to violate the NYLL as a defense to any claim by Plaintiffs for liquidated damages. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

70.     Plaintiff does not satisfy any of the requirements of Article 9 of the CPLR, and, thus, this action cannot be maintained as a class action.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

71.     There being no appropriate class representative, the entire collective/class action complaint seeking class-wide relief must be dismissed.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

72.     To the extent that discovery reveals that Plaintiffs falsely reported their hours and there is no evidence that Defendant required the false reporting of hours; no evidence that Defendant encouraged Plaintiff to falsely report their hours; and no evidence that Defendant knew or should have known that Plaintiffs were providing false information as to their hours,

6421555.1

Defendant hereby invokes the doctrines of estoppel and avoidable consequences to bar the claims asserted by the Plaintiff. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

73.     Plaintiff's claim is barred to the extent Plaintiff failed, refused, and/or neglected to mitigate or avoid the damages complained of in Plaintiff's Complaint, if any. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

74.     Plaintiff's alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Defendant. This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

75.     Plaintiff's claim is barred by the doctrines of waiver, estoppel, unclean hands and/or laches.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

76.     To the extent Plaintiff, or any member of the class or collective they purport to represent, have suffered injury, which is denied, that injury is the result of acts or omissions of the Plaintiffs and/or said purported class/collective members, and not any act or omission of Defendants.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

77.     Plaintiff and/or the putative members of the purported class and collective alleged in the Complaint may be exempt from overtime requirements under the FLSA and/or the New York Labor Law and therefore are not entitled to overtime pay during all relevant periods.

6421555.1

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE**

78.     If Defendants are found to have failed to pay Plaintiff(s), and/or any putative members of the purported class alleged in the Complaint, any amount due, which Defendants deny, Defendants are entitled to set off any overpayments or other sums owed by Plaintiffs or putative class members against any judgment.

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE**

79.     Plaintiff has not and cannot establish the requirements of a collective action or class action under the Federal Rules of Civil Procedure because they are not similarly situated.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

80.     Plaintiff cannot establish or satisfy the requirements for a collective action pursuant to the FLSA and therefore, the collective action allegations of the Complaint must be stricken and dismissed.

**AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE**

81.     Plaintiff's claim cannot proceed as a class action because the FLSA and its collective action procedure preempt state law that might otherwise permit class action treatment.

**AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE**

82.     Plaintiff cannot establish or satisfy the requirements for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure and therefore, the class certification allegations of the Complaint should be stricken and dismissed.

Defendants reserve the rights to assert additional defenses or claims which may become known during the course of discovery.

6421555.1

**WHEREFORE**, Defendants respectfully request that this Court enter judgment dismissing the Complaint in its entirety, together with the costs, disbursements and attorneys' fees incurred herein and such other and further relief as this Court deems just, proper and equitable.

Dated: East Meadow, New York
      August 24, 2017

                 **CERTILMAN BALIN ADLER & HYMAN, LLP**

                 By: _____
                     Douglas Rowe, Esq.
                 *Attorneys for Defendants*
                 90 Merrick Avenue, 9th Floor
                 East Meadow, New York, 11554
                 (516) 296-7000

To:   **LEE LITIGATION GROUP, PLLC**
       Attorney for Plaintiff
       30 East – 39th Street, 2nd Flr.
       New York, NY 10016
       212-465-1188
       Attn.:  Anne Seelig, Esq.
              C.K. Lee, Esq.

10

6421555.1