```
 1    UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF NEW YORK
 2    ------------------------------x

 3    JUAN RODRIGUEZ, on behalf of
      himself, FLSA Collective
 4    Plaintiffs and the Class

 5                 Plaintiffs

 6           v.                          17 Civ. 4995 (RMB) (AJP)
                                         Telephone Conference
 7    PARK IT MANAGEMENT CORP.,
      P.I.M. ASSOCIATES, INC., JOHN
 8    DOE CORPS. 1-31, GARY
      SPINDLER, ET AL.
 9
                   Defendants
10
      ------------------------------x
11                                       New York, N.Y.
                                         January 5, 2018
12                                       12:15 p.m.

13    Before:

14                       HON. ANDREW J. PECK

15                                       Magistrate Judge

16                       APPEARANCES

17    LEE LITIGATION GROUP PLLC
           Attorney for Plaintiff
18    C. K. LEE

19    CERTILMAN BALIN ADLER & HYMAN
           Attorney for Defendants
20    DOUGLAS E. ROWE

21

22

23

24

25
```

1           (Telephone conference; in chambers)

2           THE COURT:  Counsel, this is Judge Peck.

3           Please state your names and each time you speak state
4   your name.

5           MR. LEE:  This is C. K. Lee for the plaintiff.

6           Good afternoon, your Honor.

7           MR. ROWE:  Douglas Rowe for the defendants.

8           Good afternoon, your Honor.

9           THE COURT:  Good afternoon.  I had gotten Mr. Lee's
10  letters about discovery deficiencies.  That is why this
11  conference was set up, and then, of course, canceled by the
12  snow.  And I've also gotten Mr. Rowe's now response letter, and
13  it looks like much of the issues have been resolved.

14          So let me ask you, Mr. Lee, what of the issues in your
15  letter going sort of page by page are still open disputes.

16          MR. LEE:  I think the -- I don't think a lot of the
17  issues are resolved, your Honor, and so I want to just go
18  through the topics one by one.

19          In terms of the production of the class list, we have
20  not received it.  They say it's in some of the records that
21  they provided to us, but I don't think it's for the plaintiffs
22  to determine the address -- the correct or the most recent
23  addresses that they have on file which may not be what's on
24  their pay stubs.

25          THE COURT:  So let me ask you, Mr. Rowe, is the

1  information on these employee profile pages the most up-to-date
2  information your client has in terms of contact for all of the
3  employees at issue?
4          MR. ROWE:  That's what I was told; that this is the
5  way they maintain these records.  Yes, this is the most recent
6  information.
7          THE COURT:  So, are you telling me that, for example,
8  with Mr. Maldonado, Alveer Maldonado, who apparently last
9  worked for your client in the end of 2015, that there has been
10 no reason to update the information?
11         MR. ROWE:  That's what I was informed by my client.  I
12 can verify this.  I asked my client specifically to provide the
13 information indicated on the order, and I went through it with
14 them, and this is what they came back with.
15         I could ask the client now if there is any other
16 information other than the information provided in these
17 documents, I could verify that with them.
18         MR. LEE:  Your Honor, I think the company should have
19 been required to send 1099s or W2 tax forms to all of their
20 employees.  So it's bizarre to me that they actually don't have
21 a list, and that they would want me to dig around as to figure
22 out what is the most current address.  I think they just have
23 the addresses.  I don't have phone numbers.  I don't have
24 emails.
25         THE COURT:  It has phone numbers.  It does not have

1    email.
2           MR. ROWE:  I verified that with my client, and they
3    said typically they don't get email addresses.
4           THE COURT:  OK.  But going back to the first part of
5    what Mr. Lee said, does your client not have this in any more
6    electronic organized way?
7           MR. ROWE:  I spoke with them at length about this
8    information.  I will ask them if they have a list like that in
9    some other form.
10          MR. LEE:  I guess, your Honor, the issue is whether
11   the plaintiff should be digging through the files to come up
12   with an address list or whether the defendants should be
13   consolidating their own records and providing a list to us.  I
14   have never seen it done this way where defendants just throw
15   whatever they have at us.  Usually they're required to provide
16   a list that is accurate.
17          THE COURT:  But, you know, Mr. Lee, we are rather late
18   in this case, and I've got a sample that was attached to
19   Mr. Rowe's letter.  It may not be everything, but all of the
20   documents he attached are called employee profiles.  It would
21   not seem to be burdensome, even if he produced other documents,
22   for somebody at your shop to pull out all of these employees
23   profiles and create the mailing list.
24          So in an effort to get this done quickly, what's your
25   pleasure because we're at the point --

1          MR. LEE:  I can pull it up myself, your Honor.
2          THE COURT:  Sounds good.  But, meanwhile, Mr. Rowe,
3     you are ordered to verify with your client whether they have
4     any additional information for any of the employees and whether
5     there was a better way of producing this than what you did and
6     inform Mr. Lee by Monday as to the answer to that.
7          MR. ROWE:  OK.
8          THE COURT:  If there is no such better information,
9     Mr. Lee, start putting this together as a list.
10          And how soon can you get the mailing out to the
11     collective at this point?
12          MR. LEE:  I assume you're addressing that question to
13     me, your Honor?
14          THE COURT:  Yes.
15          MR. LEE:  We can get it out by the end of next week.
16          THE COURT:  All right.  And then file the appropriate
17     filing on ECF to indicate it has occurred.
18          MR. LEE:  Yes, your Honor.
19          THE COURT:  Now, we go to paragraph two.  Class time
20     and payroll records.
21          MR. LEE:  Yes.
22          THE COURT:  Go ahead.
23          MR. LEE:  Thank you your Honor.
24          My understanding at the last conference, your Honor,
25     was that you ordered them to produce the complete records for

1    all the locations because I was entitled to that discovery to
2    support my class motion, and they have not produced any of it.
3            Subsequent to that, your Honor had given the parties
4    leave to try to work something out, and I tried to work
5    something out with defendants.  They have not been responsive.
6    They have not provided anything regarding any of the stores,
7    regarding any of the parking garages at the other locations,
8    so -- I believe the Court's original order was for them to
9    produce all the records for all the locations.  And I think
10   that is compelling, your Honor, because this case is really,
11   just based on the payroll records, I mean, if we had the
12   payroll records, we could calculate to the dollar the amount of
13   liability for the entire class, and that is what I am prepared
14   to do, and that is what I think I should do, and to even take a
15   sampling would detract from that process.
16           THE COURT:  Well, the total liability is not relevant
17   until you prove liability and get the class certified and all
18   of that.
19           However, I did say, Mr. Rowe, because this was
20   relevant to class certification, you either needed to stipulate
21   or it goes to all of the facilities.  So I think you
22   misremembered or misinterpreted the Court's order, so you now
23   have to produce this remaining material for the remaining
24   facilities.
25           MR. ROWE:  OK.

1   THE COURT:  And since we're at the end of the road
2   here, you've got one week to do it.
3   MR. ROWE:  Umm --
4   THE COURT:  I know you're about to say it's
5   voluminous, etc., etc.  You gained a lot of time by not doing
6   this the first time and trying to thread the needle.  So I
7   don't care how many people your client has to hire.  You have
8   one week to do it or you can stipulate to an appropriate policy
9   for the class certification motion.  Got it?
10  MR. ROWE:  If we stipulate to the policy -- let me
11  just understanding that last point.  If we stipulate to a
12  policy that in this case the policy would be to round off
13  employees' time based on their time cards, that would
14  satisfactory -- I'm not.  OK, so that would satisfy the
15  potential liability aspect of this case?
16  THE COURT:  Go read the December 4 transcript.  Come
17  on.
18  MR. ROWE:  I actually did.
19  THE COURT:  Well, the short answer is:  At this stage
20  of the case, no class has been certified.  So what Mr. Lee said
21  he needed this for was for proving a common practice, policy,
22  etc., in order to make his class as opposed to conditional
23  certification motion.
24  So, if you stipulate, that was the option you were
25  given last time.  You wouldn't, couldn't, whatever.  So you can

1  make the appropriate stipulation for use in the class
2  certification motion, and then if the class is ultimately
3  certified by Judge Berman, then we may have to look at specific
4  time records of specific employees, but we don't have to do
5  that now.
6          MR. ROWE:  OK.  C.K., we should have a conversation
7  about this.  Are you sort of on board with that as a suggestion
8  here?
9          MR. LEE:  Well, I think I'm going to just follow
10 whatever Judge Peck says.  So, if we can work something out, we
11 can work something out.
12         THE COURT:  It doesn't even have to be "worked out" in
13 the sense that while I'm calling it a stipulation, if the
14 defendant makes a -- all it an admission, call it a notice of
15 something.  I mean, I don't care.  If it is sufficient to
16 satisfy what Mr. Lee would need or what the Court believes
17 Mr. Lee would need for class certification, that is the purpose
18 for this discovery.  One way or the other and that is something
19 you can get done by close of business Monday.
20         If that is acceptable to Mr. Lee, fine.  If there Lee
21 think it's insufficient, I assume I will hear from him Tuesday
22 morning, and I'll rule Tuesday evening, and if there is no such
23 filing by Monday, then you have to produce all the records at
24 all the facilities by Friday 12th.
25         MR. ROWE:  OK.

Case 1:17-cv-04995-OTW   Document 65   Filed 01/17/18   Page 9 of 10      9
I15QRODc

```
 1              THE COURT:  Three, item 3, the interrogatories are now
 2    verified.  Is that correct?
 3              MR. ROWE:  That's correct, your Honor.
 4              THE COURT:  Good.  Four, corporate entities, etc. that
 5    seems to have been worked out.  Yes?
 6              MR. LEE:  Not quite yet, your Honor.  I did ask the
 7    questions.  I did ask to confirm the names of the entities.
 8    Mr. Rowe has not agreed to provide the follow-up documents to
 9    confirm the actual entities.  I assume Mr. Rowe will not oppose
10    producing that now by next week.
11              MR. ROWE:  No, we won't oppose.  I think that -- I am
12    not sure if you actually need the documents or just verify the
13    names because I thought the purpose of this was to identify --
14              MR. LEE:  Yes, I just need to verify names.
15              THE COURT:  So Friday of next week is the deadline for
16    that.
17              MR. LEE:  With regards to item 5, your Honor, what I
18    would suggest is I guess Mr. Rowe and I would need to speak
19    anyway to try and coordinate the deposition schedules without
20    unduly burdening the Court.
21              THE COURT:  That works for me, but you have a
22    January 25 cutoff.  The only thing that's going on after
23    that -- and then you'll be seeing Judge Berman on the 29th,
24    apparently.
25              Other than that, we will wait to see who opts in on
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1   the collective process, and you'll tell Judge Berman or me or
2   my replacement what you need with respect to that; but as to
3   the existing plaintiff and existing defendants, discovery
4   closes on the 25th at 5:00 p.m.
5           MR. LEE:  Understood, your Honor.
6           THE COURT:  Do you all want another status conference
7   or should I leave it you will contract me if there is problems?
8           MR. ROWE:  That's fine.
9           THE COURT:  The latter?
10          MR. LEE:  Yes, the latter is fine, your Honor.
11          THE COURT:  I do suggest, although you probably really
12  can't do it until you know who opts in, that you figure out a
13  way to talk settlement.
14          MR. LEE:  Yes.  We do have another mediation schedule.
15          THE COURT:  Good.
16          Contact me if there are any issues either as to
17  discovery or settlement.
18          With that, I will direct, Mr. Rowe, I think you should
19  pick up the transcript cost on this one.  Any problem with
20  that?
21          MR. ROWE:  No.  No problem.
22          THE COURT:  Make your arrangement on the line with the
23  reporter to get the transcript at sdreporters.com; and when you
24  get the transcript give Mr. Lee a free copy.  With that, we are
25  adjourned.  Thank you all.          (Adjourned)